Thank you, Your Honor. May it please the Court, I am Rodney Gould. I represent Geographic Expeditions. Is this too loud, or I don't want to blast everyone out? Your last statement was good. The first one was a little strong. We'll work it out. Sorry about that. No, I appreciate being able to hear you. The issue decided by the trial judge below was the jurisdictional amount issue. It was the only issue she decided. The Supreme Court of the United States has flatly resolved this issue, subsequent to oral argument in Vaden v. Discover Bank. The Court expressly held that potential or actual defenses cannot impact jurisdiction. Justice Ginsburg, writing for the majority, four times made that point. That issue was clear. I don't know what else I can add to that decision unless there are questions about it. You're in kind of a funny position. You would like to have damages limited to the amount in the contract, which is, what, $16,000 or something like that. But you concede the potential that your liability might be over $75,000? Your Honor, I believe that if you look at the plaintiff's complaint, which is the only thing you can look at under the Vaden decision, it's a wrongful death case of a 37-year-old man with a 3-year-old child. There's no question that's over $75,000. If the issue is the validity of the limitation on the amount of damages, one, it's a potential defense and thus is not relevant to jurisdiction. But if your honors believe it is relevant, that issue has never been decided by the California Supreme Court, and it could be certified to the California Supreme Court for a decision. But I think under the Vaden case, it's crystal clear that a defense, actual or potential, just is irrelevant for purposes of determining jurisdiction. If the court wants to say that the provision is valid and that the recovery is capped at $16,000, I'd be happy to accept that, but I don't think you're going to do that. We can ask plaintiff if it will stipulate to it, but I'm not holding my breath. Nor am I, Your Honor, but maybe you should ask. The only other issues I'd mention just very briefly are other issues that have floated around the penumbra of the arguments but have not been addressed by Judge Ilston. Collateral estoppel, for example. It's not right for collateral estoppel. It hasn't been briefed. It wasn't decided on below. Let me face that directly. We've received and we've read the decision of the California Court of Appeal. I understand you represented you were going to. I don't know if the date has come yet, but have you filed a petition for you to the State Supreme Court yet? We have, Your Honor. It was filed yesterday, so we don't have finality. Should we do anything in the meantime? I mean, usually those get resolved in a fairly short period of time. It's just not possible for the case to make its way through the federal system before it appears it will reach conclusion in the state system. Well, I'm not sure that even if you were to do that, it would matter because I'm not sure that the issues are the same. I mean, I think the issues in the federal litigation are different from the issues in the state litigation to some extent. Because we're arguing in the federal court that the state court shouldn't be resolving these issues at all. Not so much that the state is resolving them wrong. We're not saying that to this court. We're saying they have no business doing it whatsoever. The other point. But how does that ‑‑ I guess I don't understand conceptually. If we have a determination, let's assume for the moment, because if this doesn't happen, we don't have an issue. Let's assume for a moment the California Supreme Court either denies the petition for review or accepts the case and reaches the same result. We'll have a determination by the California courts as a matter of California law that this contract, which is set to be under California law, should be interpreted in such a way as to in effect strike the arbitration clause. How is it that anybody else can ignore that result? Well, two points. First, even if the California Supreme Court rejects the petition or takes the case and rules against us, we still very likely would file for certiorari with the United States Supreme Court on the issue. But second, there's no preclusion against the federal court from going forward. The federal court is ‑‑ Well, futility at some point kicks in. If we have a determination that's finding that the arbitration clause isn't valid, what's the point of a federal proceeding to force it into arbitration if there's been a contract interpretation that says the arbitration clause doesn't count? Because the point that the state court is wrestling with is this unconscionability issue, largely relevant to a provision that has nothing to do with arbitration. The issue we wish the federal courts to do is to look at the issue of whether there should be arbitration. Wait a minute. Wait a minute. Wait a minute. I'm looking here at the court of appeal decision, and it defines the first question as whether the agreement to arbitrate is unconscionable and therefore unenforceable. How is it the unconscionability argument doesn't have anything to do with the arbitration clause? It's exactly what it has to do with. The provision on the cap of damages does not have anything to do with arbitration because that would be an issue for the arbitrator to decide under the federal arbitration. I'm not talking about the cap on damages. I'm talking about whether the agreement to arbitrate is unconscionable, and the court of appeal said it was. Were the California court to rule against us on the procedural unconscionability issue, which is the primary point we have made in the petition, there could be a decision that might result in the federal court choosing not to go forward, possibly under Colorado River. I don't think you're bound to not do it. I'm not even trying to get to the doctrines about abstention and so forth. It just seems to me as a practical matter, recognizing that you may seek to petition for cert to the U.S. Supreme Court. I still see no way that even if the federal court starts on its own track, it's not going to reach a station before the state court determination does, because the state court has already made its way to the California Supreme Court, and we're sitting here being asked to send it back to the district court. How can it be that the state court doesn't reach a result first? So unless there's a basis to say we don't pay any attention to what the state court says, I just don't understand how it is it makes sense for us to try to proceed with this. I'm not sure that that is necessarily the case. I don't know that if this were remanded back to the district court, the district court could not make a resolution on whether this case should be arbitrated or not very shortly. The issue is not that you'd expect if you got the answer you wanted, your colleagues across the aisle would wind up appealing, and you'd be back waiting for this court. I mean, it's not like this process leads to a fast result any particular way. I don't know if you can appeal a grant of arbitration when it's – I think there may be a final – May try. Who knows? There may be a final decision. The only other two – and then I want to save some time. Okay. Colorado River is something that has also floated around the penumbra. You need exceptional circumstances to invoke it. I argued that before Judge Yeltsin. She chose not to rule on it, largely for that reason. The Madonna case and the Intel case, I think, support that. And finally, Rooker-Feldman, which also was floated around. ExxonMobil and Saudi Basic, Supreme Court decision, also Justice Ginsburg, absolutely eliminate Rooker-Feldman from consideration. I'd like to reserve the rest of my time, if I could, Your Honor. You may. Thank you. Good morning, Your Honors. Daniel Smith for the Respondents, I guess we are, or Appellees. Let me offer some law that I believe will answer the questions that the Court is asking about what should be done here. And we, I want to say very clearly, endorse the implicit suggestion that the Court has made that it would be in the interest of sound judicial administration to await the outcome of the Supreme Court's review of their petition before you make a decision in this case. And I'll suggest that. Do you stipulate that a petition for hearing has been filed with the California Supreme Court? It's not of record. I was advised by counsel yesterday that they filed it yesterday and that we would get it in the course of service. So it can be identified in the Court's website of the California Supreme Court. You don't have any objection to our considering that petition? No. No, Your Honor. All right. In fact, I think you're compelled to, under one of the three points of law that I want to make in response to the Court's questions about what to do, 28 U.S.C. 1738 I think is an important statute here. It says that this, I'll summarize, this Federal court is obligated to give a State court decision full, the same, I'm quoting now, the same full faith and credit, end of quote, as the decision would have under the law and usage of the State of origin, the State from which the decision is taken. So I know the Federal rule is that you can give collateral estoppel to even a district court judgment as soon as it's filed. That is not the California rule. California says we wait to give collateral estoppel effect until the decision is final. Is there California law on whether finality includes the U.S. Supreme Court, the possibility of a petition for cert? And I know the first part. That's why everybody has to wait for the California Supreme Court. I've never entertained, frankly, didn't think about the possibility of an enlightened petition for cert. The best answer I can give to that, and I don't know of a case on point, is that California does follow the restatement second of judgments. And in Section 13 of the restatement of judgments, you'll find this language that you can give preclusive effect to a prior adjudication if it is, and this is quoting, sufficiently firm to be accorded preclusive effect. Sufficiently firm. Well, I think that's a judgment you have to make as to whether the court of appeal decision is sufficiently firm. We're not asking you to rush to judgment. We agree that you should wait until the Supreme Court acts in the interest of judicial administration. There are two other cases that I would like to cite. Pardon me, Mr. Smith. Yes, sir. Do you agree with Mr. Gould that the district court judge was in error as to there being $75,000 in controversy? No, Your Honor. Judge Ilston cited, and it's at page 21 of the excerpts of record of her decision, the following statement from the Horton decision of the U.S. Supreme Court, and I'm sorry, page ER21 at line 6. Quote, the general Federal rule has long been to decide what the amount in controversy is from the complaint itself. Now, as Justice Fletcher was referring counsel to, the complaint here, the petition, is grounded in the arbitration clause. And as Your Honor pointed out quite correctly, under the arbitration clause, the maximum that could be recovered is costs of travel, some $16,000.00. Isn't the arbitration clause severable? No. No, it's not severable. Under your own Court's decisions, if you look at the Armendariz cases that you have issued in this Court since Armendariz, which was in 2000, we have Circuit City Stores v. Adams at 279 F-3rd. We have Engel v. Circuit City Stores, 328 F-3rd. We have Davis v. O'Malveny & Myers, 485 F-3rd. And there are many others. You would agree, if this were presented to you afresh, you would agree with the California Court of Appeal that the clauses were not severable and, therefore, the whole arbitration needed to be struck down, applying the Armendariz rationale, which is what obligates us here in this diversity case. I did want to cite to you two cases that suggest, that actually hold, that this Court must follow the decisions of intermediate state courts. And one is Stoner, a U.S. Supreme Court case of 311 U.S. And the other case more on point with regard to arbitration is Cone, C-O-N-E, 460 U.S. And the quote is this, in the majority opinion, Once the state court has decided the issue of arbitrability, the federal court would be bound to honor that determination as res judicata. Well, but that sort of begs the question of whether preclusive effect kicks in. I mean, you've already acknowledged the California rule. Preclusive effect doesn't kick in until the state proceeding is completed. Yes. That's why I think it would be wise, as you've suggested, to await what the California Supreme Court does. With respect to U.S. Supreme Court. Because the moment the California Supreme Court were to grant the petition, that vacates the Court of Appeal's opinion. Yes. Yes, it does, Your Honor. Yes, it does. The statistics on that are the 2 percent of petitions. Two percent of petitions that are filed are granted. This is in the California Supreme Court. Yes, ma'am. Yes, Your Honor. The Judicial Council statistics, which are online at the Judicial Council website, indicate that in 2008, the Supreme Court had almost 9,000 filings and filed 113 opinions. I mean, we're aware of the fact the chances aren't a whole lot better than they are at the U.S. Supreme Court, but sometimes you do roll snake eyes. Yes. So it's not hard to wait, but we also have a suggestion from Geographic Expeditions that the two questions are sufficiently different that the Federal Court wouldn't be bound anyway. Could you speak to that? That assertion is incomprehensible. It makes no sense. They're asking to enforce an arbitration clause, and our action required the State Court to adjudicate the conscionability of the arbitration clause. And it was found to be unconscionable both procedurally and subsequently. Yes, Your Honor. It was procedurally unconscionable because it was forced upon them and they admitted that there was no alternative form or right with any other provider in the industry that they could obtain, and then it was substantively unconscionable for many reasons, two of which are the damage limitation to $16,000 in a wrongful death case and the obligation to pay their attorneys' fees even if they win, even if they lose. Excuse me. Even if they lose. And then there's also the expense of the arbitration, which is more than the expense that would be had in a superior court action. And then there was the non-severability ruling. So it's not mutual. That arbitration clause, the provisions that benefit them were not reciprocally applicable to us. There was no damage limitation, for example, on GOX if it happened to sue a participant for interfering with the trip, for defaming GOX, anything like that. No damage limitation. Not mutual. So when I listed those three cases of yours since Armendariz, they would compel the same conclusion. That's my point. You would reach the same conclusion if you ever got to the merits. But I think here what's really facing you is a new issue that Judge Ilston didn't face, which is what's the effect of the California appellate decision. And I think we've explored that, that you should wait. And if the Supreme Court does grant review, then you might invite the parties to give further briefing as to how you should be guided. With respect to the U.S. Supreme Court, there's no Federal issue here. So once the Supreme Court denies, the California Supreme Court denies review, as I expect they will, that's really the end of the issue, and that decision will be final. How timely are they in denying petitions? They're pretty slow in granting them, but what do they do? Their rules provide for 60 days from the date of filing. In my practice experience, that's been extended up to 30 days by the court order, so it could go 90 days. But probably within that time frame. Yes. Thank you. Or it could be a postcard. We hope it will be a postcard. We're expecting a postcard. You know, to look at this case, it doesn't have the indicia of why review should be granted under the very rules of the Supreme Court, which are primarily, is there a conflict in the cases? No, there's no conflict in California cases. In fact, California cases are uniform, that the Armendariz principles can be applied outside of employment. Here we have a recreational contract. Other courts involving Discover Bank have applied it to credit cards, which are, again, optional, not like employment. So there's no conflict on that point. Does it raise an important question of law? We don't believe so. It's just an application of Armendariz to a slightly different set of facts. Thank you for the argument. No problem. Thank you, Your Honor. Mr. Gould. Thank you. There is Supreme Court authority on the finality issue. Justice Ginsburg, in the ExxonMobil case at note 7 on page 291, said, SABIC contends that this case is moved because the Delaware Supreme Court has affirmed the trial court judgment in favor of ExxonMobil and has denied re-argument on Bonk. SABIC continues to oppose the Delaware judgment, however, and has represented that it will petition this Court for a writ of certiorari. The controversy, therefore, remains alive. I think that's better and more recent authority than anything else that has been cited. The procedural unconscionability issue is that they have treated the court of appeals treated this contract, this arbitration contract, quite differently from how it treats contracts in general. Generally, in the recreational activity area, there is no procedural unconscionability. That's why provisions exculpating yourself from your own negligence are allowed. Is that a Federal question? Oh, I think so, Your Honor, because of section 4 of the FAA, it's a — it is a congressional mandated policy in favor of arbitration and a congressionally imposed statute that says you can't treat contracts for arbitration different from contracts for anything else, and that's exactly what the court of appeals did. It's an issue of enormous importance. Is this an issue — could we pass on that, or is this an issue — this is basically explaining what might be your basis for a petition for cert. I'm responding — I understand. I'm responding to counsel's point. But you're not asking us to adopt something like this in this case. I am not, Your Honor. If you'd like to, by all means do so, but that's not what I'm asking you to do. Okay. Finally, Federal courts are supposed to take jurisdiction when jurisdiction is proper. I mean, whether you can simply hold off for three months or whatever, I don't know. I have no case law on that. If you'd like additional briefing on that subject, I'm happy to do it. But I think the idea with Federal jurisdiction is to take jurisdiction when you are supposed to take it and deal with it, and that's what I would urge the court to do. Okay. Thank you. We thank both counsel for the arguments. The case just argued is submitted.
judges: Fletcher B. , Clifton, Bea